**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **THE DENLEY GROUP, LLC,** | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.  3:15-CV-001183** |
| | § | |
| **SAFECO INSURANCE COMPANY** | § | |
| **OF INDIANA and** | § | |
| **LISA SEUTTER,** | § | |
| **Defendants** | § | |

**NOTICE OF REMOVAL OF ACTION**
**UNDER 28 U.S.C. §§ 1332 and 1441(b) (DIVERSITY)**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Safeco Insurance Company of Indiana ("Safeco"), hereby petitions this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 for removal, on the basis of diversity jurisdiction, to the United States District Court for the Northern District of Texas, Dallas Division of the action styled *The Denley Group, LLC v. Safeco Insurance Company of Indiana and Lisa Seutter*; Cause No. DC-15-02388, currently pending in the 162nd Judicial District Court of Dallas County, Texas (the "State Court Case"), and in support thereof would respectfully show this Court as follows:

**I.**
**FACTS**

1.      Plaintiff filed suit in the State Court case on March 2, 2015, as the result of alleged delay or denial of benefits under a homeowner's insurance policy issued to Howard Watkins ("Watkins").  Plaintiff was listed on the policy as mortgagee servicing agency.  Watkins sustained a total loss by fire on or about August 17, 2013.  Safeco denied Mr. Watkins claim after investigation.  Plaintiff then asserted a claim pursuant to Watkins' policy, which was

denied.  Plaintiff alleges that Safeco breached its contract with Plaintiff, violated provisions of the Texas Insurance Code and breached the common law duty of good faith and fair dealing in the adjustment and handling of Plaintiff's claim by delaying and denying benefits, following Watkins' loss on or about August 17, 2013.  *See Plaintiff's Original Petition* (the "Petition") at ¶ 5.  Plaintiff claims that "Defendants have failed in good faith to settle Plaintiff's claim and wrongfully denied such claim, ..."  Petition at ¶ 8.  Plaintiff seeks statutory damages under the Texas Insurance Code, attorney's fees for Safeco's alleged wrongful denial, and statutory prompt payment penalties.  Safeco denies that Plaintiff is entitled to these benefits or damages.

2.      Defendant Safeco was served with the Petition and citation on March 19, 2015. Safeco filed its Original Answer on April 13, 2015.  Defendant Lisa Seutter has not been served with citation.  A true and correct copy of all pleadings, process, orders, and correspondence served in this action is attached hereto as Exhibit "A" and incorporated herein by reference.

3.      Pursuant to Tex. R. Civ. P. 47, Plaintiff's petition states that Plaintiff seeks "monetary damages in excess of $200,000 but less than $1,000,000." Petition at ¶ 1.

4.      Complete diversity exists between the Plaintiff and Defendant Safeco now as well as on the date of filing of the State Court Case.  Plaintiff is a citizen and resident of the State of Texas.  Petition ¶ I.  Defendant Safeco is an insurance company incorporated in Illinois with its principal place of business is Massachusetts.  Safeco is a citizen of Illinois and Massachusetts and not the State of Texas.

5.      Defendant Lisa Seutter ("Seutter") is a Texas resident and was improperly joined to defeat diversity jurisdiction in this case.  Seutter has not been served with Plaintiff's Original Petition and citation.

7.      Plaintiff has made a jury demand in the State Court Case.

8.     This action is a civil action which may be removed to this Court by Defendant Safeco pursuant to the provisions of 28 U.S.C. §§ 1441(a) and 1332(a) in that it is between citizens of different states; it is a civil action wherein the matter in controversy exceeds the sum of $75,000.00, exclusive of interests and costs; and Safeco is not a citizen of the State of Texas.

## II.
### DEFENDANT LISA SEUTTER IS IMPROPERLY JOINED TO DEFEAT DIVERSITY

9.     The test for improper joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant and there is no reasonable basis for predicting that the plaintiff might be able to recover against an in-state defendant. *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568 (5th Cir. 2004). A reasonable basis means more than a mere hypothetical basis. *See Griggs v. State Farm Lloyds,* 181 F.3d 694, 701 (5th Cir. 1999). If there is no reasonable basis for recovery, then the court can conclude that the plaintiff's decision to join the in-state defendant was improper. *McDonald v. Abbot Labs,* 408 F.3d 177, 183 (5th Cir. 2005).

9.     Whether a plaintiff has stated a valid cause of action depends upon and is tied to the factual fit between the plaintiff's allegations and the pleaded theory of recovery. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999). The *Griggs* court required that the petition state specific "<u>facts</u> warranting liability" in order to defeat removal. *Id.* (emphasis added). "General, undocumented and non-specific statements" in the plaintiff's petition are insufficient to state claims for violations of the Insurance Code, the DTPA, common law fraud, and misrepresentation under Texas law. *Id* at 702. "The Fifth Circuit has bluntly rejected the contention that a merely theoretical possibility of recovery will suffice to preclude removal. . . . [I]t has held that, when plaintiffs make general allegations and fail to support them with specific,

underlying facts, they have not established a reasonable basis for the Court to predict that relief may be granted." *Staples v. Merck & Co., Inc.*, 270 F. Supp. 2d 833, 837 (N.D. Tex. 2003) (citing *Great Plains*, 313 F.3d at 329; *Badon v. R.J.R. Nabisco, Inc.*, 224 F.3d 382, 391-92 (5th Cir. 2000)).

10.     In this case, Plaintiff has not pled any factual allegations regarding Defendant Seutter that could form the basis of an independent cause of action against him as opposed to the carrier. Plaintiff has alleged only that the claim was assigned to Seutter for investigation and that Seutter investigated the claim and denied both Watkins' claim and Plaintiff's claim. *See* Petition at ¶¶ VI. Plaintiff does not identify any false, misleading or deceptive acts by Seutter. Thus, Plaintiff has filed suit against Seutter for the same reason that Plaintiff filed suit against Safeco: Denley is unhappy that Safeco denied their claim. This is not sufficient to establish a reasonable probability of recovery against Seutter. *One Way Investments, Inc. v. Century Surety Co.,* 2014 WL 6991277, at *4 (N.D. Tex. 2014) (holding that representations that wind and hail damage was far less extensive than it actually was and that damage was caused by factors that did not trigger coverage under the policy were not statements that are within the scope of §541.060 because they do not relate to the "coverage at issue."); *Green v. Nationwide Mut. Ins. Co.,* 2014 WL 6991277 at *5 (W.D. Tex. 2014) (finding improper joinder of adjuster defendant based on allegation that adjuster "failed and refused . . . to pay underinsured motorist benefits under the applicable policy" and that adjuster "wholly failed to make a reasonable and fair offer on [the insured's] claim.") Texas law does not contemplate that adjusters like Seutter will be held individually liable for the insurance carrier's decision on a claim. *See Ardila v. State Farm Lloyds*, 2001 WL 34109 378 (S.D. Tex. 2001) (citing *Coffman v. Scott Wetzel Services, Inc.*, 908 S.W.2d 516 (Tex. App.–Fort Worth 1995, no writ) for proposition that adjusters do not have

liability under the DTPA for lack of good faith in processing insurance claims).  Defendant Lisa Suetter has been improperly joined for the sole purpose of defeating diversity jurisdiction in this Court.

### III.
### PROCEDURAL REQUIREMENTS

14.     This action is a civil action which may be removed to this Court by Safeco pursuant to the provisions of 28 U.S.C. §§ 1441(a) and 1332(a) in that it is between citizens of different states; it is a civil action wherein the matter in controversy exceeds the sum of $75,000.00, exclusive of interests and costs; and Safeco is not a citizen of the State of Texas.

15.     Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice will be given to all adverse parties promptly after the filing of this Notice.

16.     Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be filed with the clerk of the 162nd Judicial District Court of Dallas County, Texas, promptly after the filing of this Notice.

17.     Attached hereto and incorporated herein, are the following items:

Exhibit A:     A true and correct copy of all pleadings, process, and orders served in this action.

Exhibit B:     State Court Case docket sheet.

Exhibit C:     List of all counsel of record.

Exhibit D:     Index of all documents filed with the Court.

WHEREFORE, PREMISES CONSIDERED, Defendant Safeco Insurance Company of Indiana requests that this action be removed from the 162nd Judicial District Court of Dallas County, Texas, to the United States District Court for the Northern District of Texas, Dallas Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

HANNA & PLAUT, L.L.P.
211 East Seventh Street, Suite 600
Austin, Texas  78701
Telephone:  (512) 472-7700
Facsimile:   (512) 472-0205


By:  */s/ David L. Plaut*
          David L. Plaut
          State Bar No. 16066030
          Email: dplaut@hannaplaut.com
          J. Todd Key
          State Bar No. 24052792
          Email:  tkey@hannaplaut.com

**ATTORNEYS FOR DEFENDANT SAFECO
INSURANCE COMPANY OF INDIANA**


## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing document has been delivered by e-service and/or facsimile on this 17th day of April, 2015 to:

Robert@grishamlaw.com
Robert N. Grisham, II
Law Offices of Robert N. Grisham II, PC
8750 N. Central Expressway
Northpark Central, Ste. 1010
Dallas, Texas 75231

and

smkeller@sbcglobal.net
Scott M. Keller
Law Offices of Scott M. Keller
3131 McKinney Ave., Suite 720
Dallas, Texas 75204
*Attorneys for Plaintiff*


                */s/ David L. Plaut*
                David L. Plaut

# EXHIBIT "A"

# FORM NO. 353-3 - CITATION
## THE STATE OF TEXAS

**To:**  SAFECO INSURANCE COMPANY OF INDIANA
SERVE R/A CORPORATION SERVICE COMPANY
211 EAST 7TH ST STE 620
AUSTIN TX 78701

**GREETINGS:**
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty  days after you were served this citation and  petition, a default judgment may be taken against you.  Your answer should be addressed to the clerk of the **162nd District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **THE DENLEY GROUP, LLC**

Filed in said Court  **2nd day of March, 2015** against

**SAFECO INSURANCE COMPANY OF INDIANA ET AL**

For Suit, said suit being numbered **DC-15-02388**, the nature of which demand is as follows:
Suit on **CNTR CNSMR COM DEBT** etc. as shown on said petition, **INTERROGATORIES, REQUEST FOR PRODUCTION, REQUEST FOR ADMISSIONS,** a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

**WITNESS:** FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 4th day of March, 2015.

**ATTEST:** FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _____ , Deputy
      */s/ Stephanie Clark*
      **STEPHANIE CLARK**

Delivered 3 - 19 - 2015
SCH 233
*Authorized Person*

---

ESERVE

# CITATION

## DC-15-02388

**THE DENLEY GROUP, LLC**
vs.
**SAFECO INSURANCE COMPANY OF INDIANA, et al**

ISSUED THIS
**4th day of March, 2015**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: STEPHANIE CLARK, Deputy

**Attorney for Plaintiff**
ROBERT N GRISHAM
8750 N CENTRAL EXPWY
NORTH CENTRAL SUITE 1010
DALLAS TX 75231
214-987-0098

DALLAS COUNTY
SERVICE FEES
NOT PAID

# OFFICER'S RETURN

Case No. : DC-15-02388

Court No.162nd District Court

Style: THE DENLEY GROUP, LLC

vs.

SAFECO INSURANCE COMPANY OF INDIANA, et al

Came to hand on the _____ day of _____ , 20 _____ at _____ o'clock _____ .M. Executed at _____ within the County of _____ at _____ o'clock _____ .M. on the _____ day of _____ 20 _____ , by delivering to the within named _____ ,

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:   To certify which witness my hand.

For serving Citation   $ _____

For mileage   $ _____   of _____ County, _____

For Notary   $ _____   By _____   Deputy

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____ , 20 _____ , to certify which witness my hand and seal of office.

_____
Notary Public _____   County _____

2 CIT/ESERVE

FILED
DALLAS COUNTY
3/2/2015 2:35:12 PM
FELICIA PITRE
DISTRICT CLERK

Stephanie Clark

CAUSE NO. _____   DC-15-02388

| | | |
|---|---|---|
| THE DENLEY GROUP, LLC | § | IN THE DISTRICT COURT |
| **Plaintiff,** | § | |
| | § | |
| v. | § | ____ JUDICIAL DISTRICT |
| | § | |
| SAFECO INSURANCE COMPANY OF | § | |
| INDIANA AND LISA SEUTTER | § | |
| **Defendants.** | § | DALLAS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION WITH DISCOVERY

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, The Denley Group, LLC, files this Plaintiff's Original Petition with Discovery against Defendants Safeco Insurance Company of Indiana and Lisa Seutter and would respectfully show unto the Court and Jury the following:

### I. PARTIES SERVICE AND DISCOVERY CONTROL

a.      Discovery is intended to be conducted under Level Three of TRCP 190.

b.      Plaintiff is a limited liability company authorized to conduct business in the State of Texas.

c.      Defendant Safeco Insurance Company of Indiana ("Safeco") is a foreign insurance company engaging in the business of insurance in the State of Texas and may be served through its registered agent, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

d.      Defendant Lisa Seutter ("Seutter") is a licensed insurance adjuster that may be served with process at 1120 Hunters Creek Dr., Carrollton, Texas 75007.

### II. JURISDICTION AND VENUE

1.      The Court has jurisdiction over this matter because the amount in controversy is within the jurisdictional limits of the Court. The Court has venue over Defendants because all or a substantial part of the events giving rise to the claims took place in Dallas County. Pursuant to

PLAINTIFF'S ORIGINAL PETITION WITH DISCOVERY - PAGE 1 OF 11.

- 1 -

Texas Rule of Civil Procedure 47, Plaintiff seeks monetary damages in excess of $200,000 but less than $1,000,000.

### III. DISCOVERY REQUESTS

2.      Pursuant to Texas Rule of Civil Procedure 194, Defendants are requested to disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2.

3.      Served with this Petition is additional discovery consisting of Plaintiff's First Set of Interrogatories, Request for Production and Request for Admissions upon each Defendant.

### IV. BACKGROUND FACTS

4.      This suit involves the wrongful denial of Plaintiff's claim for insurance benefits. At the time of the loss made the subject of this suit, Plaintiff was the mortgagee on a loan for real property located at 317 NW 14th Street, Grand Prairie, Texas ("Property"). The Property was insured by policy UY0712-4018 issued by Defendant Safeco. Plaintiff was identified as mortgagee servicing agency on the policy. All premiums for the policy at issue had been paid and the subject loss occurred within applicable periods of coverage with Defendant Safeco.

5.      On or about August 17, 2013, the Property suffered a total loss by fire. The named insured, Howard Watkins, filed a claim with Defendant Safeco. Defendant Safeco denied Mr. Watkins' claim after investigation. After the denial, Plaintiff then asserted a claim with Safeco pursuant to the insurance policy. Defendant Seutter was assigned to investigate Plaintiff's claim.

6.      As part of its investigation and despite not having authority to do so, Safeco demanded Plaintiff's examination under oath. Mr. Nicholas Petroff appeared for the Plaintiff and provided his examination under oath and relevant documents which had been requested by Safeco's counsel investigating the claim on behalf of Safeco. Despite cooperating with Safeco and Seutter's

**PLAINTIFF'S ORIGINAL PETITION WITH DISCOVERY - PAGE 2 OF 11.**

investigation, Defendants ultimately denied Plaintiff's claim wrongfully asserting that Plaintiff has no insurable interest given the fact that there existed another mortgage on the property. Such decision directly conflicts with Texas law and the insurance policy.

7.      Instead of paying Plaintiff's claim, Defendants made payment to Preston National Bank by paying off Plaintiff's lien in the amount of approximately $23,0000.00. Defendants surreptitiously contacted Preston National Bank and made arrangements to pay its mortgage in an effort to buy the claim for less than fair value. Additionally, Defendant Safeco's failure to immediately pay Plaintiff when its liability became reasonably clear caused Plaintiff to suffer additional damages related to the property such as loss of income, demolition expenses and other expenses.

8.      Defendant Seutter issued a denial letter on Plaintiff's claim despite I) failing to perform a proper and complete investigation of the claim; ii) knowing that Plaintiff had an insurable interest in the property; iii) failing to obtain a legal opinion on the legal obligation owed Plaintiff; and iv) ignoring the true facts of the claim. Thus, Defendants have failed in good faith to settle Plaintiff's claim and wrongfully denied such claim, causing economic losses in excess of the underlying property losses. Defendants' wrongful denial of the claim has necessitated the filing of this petition.

## V.  CAUSES OF ACTION AGAINST DEFENDANT SAFECO

### A. Breach of Contract

9.      Plaintiff reasserts and incorporates by reference all the facts and allegations set forth above. Plaintiff would show that the policy purchased from Defendant Safeco was in full force and effect at the time of the covered fire damage to the home. The policy provided that if such losses occurred, then Defendant will pay the insured (or if the insured was ineligible, the Plaintiff) the cost

**PLAINTIFF'S ORIGINAL PETITION WITH DISCOVERY - PAGE 3 OF 11.**

of repair or replacement of the damage with like kind and quality. Plaintiff would show that it timely submitted the Notice of Claim in accordance with the terms of the policy. Defendant processed the claim, but has refused and failed to pay according to its obligations under the contract of insurance, and by failing has breached the contract to which Plaintiff is a named third party beneficiary.

### B. Common Law Cause of Action

10.     Plaintiff reasserts and incorporates by reference all of the facts and allegations set forth above. By its acts, omissions, failures and conduct, Defendant Safeco breached the common law duty of good faith and fair dealing by delaying and denying Plaintiff's covered fire damage claim without any reasonable basis and by failing to conduct a reasonable investigation with respect to the claim. Defendant has also breached its duty by unreasonably delaying payment of Plaintiff's claim and by failing to settle Plaintiff's claim when it knew or should have known that it was reasonably clear that the claim was covered. These acts, omissions, failures and conduct of Defendant are proximate causes of Plaintiffs' damages.

### C. DTPA Cause of Action

11.     Plaintiff reasserts and incorporates by reference all of the facts and allegations set forth above. Plaintiffs have met all conditions precedent to bringing this cause of action against Defendant SAFECO. By its acts, omissions, failures and conduct that are described in this petition, Defendant violated Sections 17.46 of the DTPA as follows:

> a.      Defendant Safeco represented to Plaintiff that its insurance policies and adjusting and investigative services had characteristics or benefits that it did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(5) of the DTPA;

b.  Defendant Safeco represented to Plaintiff that its insurance policies and adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46 (b)(7) of the DTPA;

c.  Defendant Safeco represented to Plaintiff that its insurance policies and adjusting and investigative services conferred or involved rights, remedies, or obligations that it did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(12) if the DTPA;

d.  Defendant Safeco engaged in an unconscionable action in that it took advantage of Plaintiff's lack of knowledge, ability and experience to a grossly unfair degree. Defendant's unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA; and,

e.  Defendant Safeco's conduct, acts, omissions and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50 (a)(4) of the DTPA.

12.  Defendant's conduct, acts, omissions and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50 (a)(4) of the DTPA. Such conduct was relied upon by Plaintiff to its detriment and were a proximate and producing cause of Plaintiff's damages. Further, said unlawful acts and practices were committed knowingly and intentionally, for which Plaintiff should recover additional damages as provided by the DTPA.

**D.  Cause of Action for Unfair Insurance Practices**

13.  Plaintiff reasserts and incorporates by reference all of the facts and allegations set forth above. Plaintiff has satisfied all conditions precedent to bringing this cause of action.

14.  By its acts, omissions, failures and conduct, Defendant Safeco has engaged in unfair methods of competition and unfair or deceptive acts or practices in the business of insurance in violation of Sections 541.051 and 541.060 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this petition plus Defendant's unreasonable delays in the investigation, adjustment and resolution of Plaintiff's claim and Defendant's failure to pay

for the full damages to Plaintiff's property when liability had become reasonably clear. Specifically, Defendant is guilty of the following unfair insurance practices:

a.    Defendant Safeco engaging in false, misleading and deceptive acts or practices in the business of insurance in this case;

b.    Defendant Safeco engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and Section 541.060 (1) of the Texas Insurance Code by misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;

c.    Defendant Safeco engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and defined in Section 541.060 (2) of the Texas Insurance Code by failing to attempt, in good faith, to effectuate a prompt, fair and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

d.    Defendant Safeco engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and defined in Section 541.060 (7) of the Texas Insurance Code by refusing to pay a claim without conducting a reasonable investigation with respect to the claim.

15.    Defendant's conduct, acts, omissions and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50 (a)(4) of the DTPA. Such conduct was relied upon by Plaintiff to its detriment and were a proximate and producing cause of Plaintiff's damages. Further, said unlawful acts and practices were committed knowingly and intentionally, for which Plaintiff should recover additional damages as provided by the Texas Insurance Code.

## E.  Violation of Prompt Payment of Claims Act

16.    Defendant Safeco violated the Prompt Payment of Claims Act, Section 542.051, Subchapter B of the Texas Insurance Code, by failing to properly and timely investigate Plaintiff's claim and by failing to pay Plaintiff's claim.  Likewise, Defendant's failure to properly pay Plaintiff's claim constitutes an automatic violation of Section 542.058 which provides:

**PLAINTIFF'S ORIGINAL PETITION WITH DISCOVERY - PAGE 6 OF 11.**

*"Except as otherwise provided, if an insurer, after receiving all items, statements, and forms reasonably requested and required under Section 542.055, delays payment of the claim for a period exceeding the period specified by other applicable statutes or, if other statutes do not specify a period, for more than 60 days, the insurer shall pay damages and other items as provided by Section 542.060."*

17.     Defendant's wrongful rejection of the claim necessarily means it failed to pay within 60 days automatically violating Section 542.058.  Accordingly, Plaintiff is entitled to the relief set forth in Section 542.060 of the act, including attorney's fees.

## VI.  CLAIMS AGAINST DEFENDANT SEUTTER

### A.  Deceptive Trade Practices Act Violations

18.     Plaintiff reasserts and incorporates by reference all the facts and allegations set forth above.  Plaintiff has met all conditions precedent to bringing this cause of action against Defendant Seutter.  Plaintiff cooperated with Defendant Seutter's investigation of the claim by responding to inquiries and making their home available for inspection.  Defendant Seutter failed to perform a proper and complete investigation of the claim knowing that Plaintiff had an insurable interest in the property, failed to obtain a legal opinion on the legal obligation owed Plaintiff and ignored the true facts of the claim.

19.     By her acts, omissions, failures and conduct that are described in this petition, Defendant Seutter violated the DTPA in the following respects:

a.      Defendant Seutter represented to Plaintiff that Safeco's insurance policies and Defendants' adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46 (b)(7) of the DTPA;

b.      Defendant Seutter engaged in an unconscionable action in that she took advantage of Plaintiff's lack of knowledge, ability and experience in insurance matters to a grossly unfair degree. Defendant's unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA; and,

     c.     Defendant Seutter breached an express warranty that the damage caused by fires would be covered under the insurance policy at issue. This breach entitles Plaintiff to recover under Sections 17.46 (b)(12) and 17.50 (a)(2) of the DTPA.

20.     Defendant Seutter's conduct, acts, omissions and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50 (a)(4) of the DTPA. Such conduct was relied upon by Plaintiff to its detriment and were a proximate and producing cause of Plaintiff's damages. Further, said unlawful acts and practices were committed knowingly and intentionally, for which Plaintiff should recover additional damages as provided by the DTPA.

## B. Texas Insurance Code Violations

21.     Plaintiff reasserts and incorporates by reference all the facts and allegations set forth above. Plaintiff has met all conditions precedent to bringing this cause of action against Defendant Seutter.

22.     Defendant Seutter's conduct demonstrates that she engaged in unfair or deceptive acts or practices in the business of insurance in violation of Sections 541.051 and 541.060 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this petition plus Defendant's unreasonable delays in the investigation, adjustment and resolution of Plaintiff's claim and her failure to promptly pay the claim after receipt of evidence that the claim should be paid and her failure to pay the claim when liability had become reasonably clear. Specifically, Defendant committed the following unfair insurance practices:

     a.     Defendant Seutter engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and Section 541.060 (1) of the Texas Insurance Code by misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;

b.      Defendant Seutter engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and defined in Section 541.060 (2) of the Texas Insurance Code by failing to attempt, in good faith, to effectuate a prompt, fair and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear; and,

c.      Defendant Seutter engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and defined in Section 541.060 (7) of the Texas Insurance Code by refusing to pay a claim without conducting a reasonable investigation with respect to the claim.

23.      Defendant Seutter's conduct, acts, omissions and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50 (a)(4) of the DTPA. Such conduct was relied upon by Plaintiff to its detriment and were a proximate and producing cause of Plaintiff's damages. Further, said unlawful acts and practices were committed knowingly and intentionally, for which Plaintiff should recover additional damages as provided by the Texas Insurance Code.

## VII.  WAIVER AND ESTOPPEL

24.      Defendants have waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff. Furthermore, any alleged policy defense is barred by the Anti-Technicality Statute, Tex. Ins. Code § 862.054.

## VIII.  CONDITIONS PRECEDENT

25.      All conditions precedent necessary to maintain this action have been performed or have occurred. This suit was brought within two years of discovery of the acts complained of herein.

**PLAINTIFF'S ORIGINAL PETITION WITH DISCOVERY - PAGE 9 OF 11.**

## IX. DAMAGES

26.     The above described acts, omissions, failures and conduct of Defendants caused Plaintiff's damages which include, without limitation, the full payment of the claim at issue. Plaintiff is also entitled to recover the amount of the claim plus an 18% per annum penalty on the claim against Defendant Safeco as damages under the Prompt Payment of Claims Act. Plaintiff seeks all damages it is entitled to under Texas law. All of the damages described in this petition are within the jurisdictional limits of the Court.

## X. ADDITIONAL DAMAGES

27.     Defendants "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of such conduct, Plaintiff is entitled to additional damages as authorized by the Texas Insurance Code and DTPA.

## XI. ATTORNEYS' FEES

28.     Plaintiff seeks attorneys' fees for the prosecution of this suit pursuant to Sec. 17.50(d) of the Texas Business and Commerce Code, Sections 541 and 542 of the Texas Insurance Code and Sec. 38.001 of the Texas Civil Practice and Remedies Code.

## XII. JURY DEMAND

29.     Plaintiff requests that this case be tried before a jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, and that upon final jury trial, that Plaintiff be awarded damages which are set forth above and which are in the sum in excess of the minimum jurisdiction of this Court, costs of Court, reasonable attorneys' fees for the trial and any subsequent appeal of this case, pre-judgment interest at the highest rate permitted by law, post-judgment interest from the date of

**PLAINTIFF'S ORIGINAL PETITION WITH DISCOVERY - PAGE 10 OF 11.**

judgment until paid at the highest rate permitted by law, those damages authorized by the Texas

Insurance Code and the Texas Business and Commerce Code, and for such other and further relief,

both at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

*/s/ Robert N. Grisham II*
Robert N. Grisham II
State Bar Number: 00792550
LAW OFFICES OF ROBERT N. GRISHAM II, P.C.
8750 N. Central Expressway
Northpark Central, Ste. 1010
Dallas, Texas 75231
Telephone:  (214) 987-0098
Facsimile:  (214) 987-4098
Email0: robert@grishamlaw.com


Scott M. Keller
State Bar Number: 11198350
LAW OFFICES OF SCOTT M. KELLER
3131 McKinney Avenue, Ste. 720
Dallas, Texas 75204
Telephone: (214) 741-2963
Facsimile: (214) 741-2959
Email: smkeller@sbcglobal.net

**ATTORNEYS FOR PLAINTIFF**

CAUSE NO. _____

| | | |
|---|---|---|
| THE DENLEY GROUP, LLC | § | IN THE DISTRICT COURT |
|     Plaintiff, | § | |
| | § | |
| v. | § | \_\_\_\_ JUDICIAL DISTRICT |
| | § | |
| SAFECO INSURANCE COMPANY OF | § | |
| INDIANA AND LISA SEUTTER | § | |
|     Defendants. | § | DALLAS COUNTY, TEXAS |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION
AND REQUESTS FOR ADMISSIONS TO DEFENDANT SAFECO
INSURANCE COMPANY OF INDIANA**

TO:    Defendant, Safeco Insurance Company of Indiana through its registered agent, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

    Pursuant to Tex. R. Civ. P. 197, you are requested to file complete written answers to the following Interrogatories within fifty (50) days of service.  Answers to these Interrogatories shall be made under oath as provided by the Texas Rules of Civil Procedure.

    Pursuant to Tex. R. Civ. P. 196, you are requested to produce all of the documents described in the attached list which are in your possession, custody or control within fifty (50) days of service at the Law Offices of Robert N. Grisham II, P.C. 8750 N. Central Expressway, Suite 1010, Dallas, Texas 75231.  Unless the request specifically directs production of the original document, delivery of an accurate, legible and complete photocopy of the document requested is a sufficient response to the request.  You are further requested to identify in your response all documents produced responsive to the particular request and identify any document which you did not produce for any reason including any claimed privilege.

PLAINTIFF'S  FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION AND REQUESTS FOR
ADMISSIONS TO DEFENDANT SAFECO INSURANCE COMPANY OF INDIANA  - PAGE 1 OF 20.

Pursuant to Tex. R. Civ. P. 198, Plaintiff propounds the following Requests for Admissions and requests that within fifty (50) days of service of these Requests, that you specifically admit or deny the following facts.  The facts which you are requested to admit or deny are attached hereto.

In connection with this document, the following definitions and instructions will apply:

A.      "Claim" means the insurance claim made the basis of this suit.

B.      "Defendant," "you," "your," or "Safeco" refer to Safeco Insurance Company of Indiana, its officers, directors, employees, agents, representatives and/or persons purporting to act and/or acting on its behalf or under its control.

C.      "Document" means all original written, recorded, or graphic matter whatsoever and all non-identical copies thereof, including, but not limited to, papers, books, records, letters, photographs, tangible things, correspondence, communications, telegrams, cables, telex messages, memoranda, notes, notations, work papers, transcripts, minutes, reports and recordings of telephone or other conversations, or interviews, or of conferences or of other meetings, drawings, graphics, charts, blueprints, sketches, affidavits, statements, summaries, opinions, reports, studies, analyses, valuations, contracts, agreements, jottings, agendas, bulletins, notices, announcements, instructions, publications, schedules, price lists, client lists, journals, statistical records, desk calendars, appointment books, diaries, lists, tabulations, sound recordings, computer print-outs, e-mails, data processing programs, data processing input and output, microfilm, books of account, all records and invoices reflecting business operations, all records kept by electronic, photographic, or mechanical means, any notes or drafts relating to the foregoing, however denominated.  In all cases where originals or non-identical copies are not available, "documents" also means identical copies thereof. **Documents include information that exists in electronic, magnetic or digital format. All such information stored in electronic or magnetic form is hereby specifically requested pursuant to Rule 196.4 of the TEXAS RULES OF CIVIL PROCEDURE to be produced in hard copy format (PDF) or on CD-ROM.**

D.      "Fire" means the fire occurring on or about August 17, 2013 which resulted in total loss to the Property made the subject of this suit.

E.      To "identify" a document means to identify the author or person who prepared the same; to identify the person or persons who received the same or to whom it was addressed; to state the date on which it was written, made, or prepared; to identify the persons who presently have control or custody of the original and each and every copy thereof; to attach an accurate copy thereof to your answers.

<u>PLAINTIFF'S  FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSIONS TO DEFENDANT SAFECO INSURANCE COMPANY OF INDIANA  - PAGE 2 OF 20.</u>

F.   To "identify" an act or instance of conduct by a person is to state all oral or written communication given or exchanged during the course of the act or instance of personal conduct; to identify the person or persons engaging in the act or instance of personal conduct; to state the time of the occurrence of such act or instance of personal conduct; and to identify the geographic location wherein such event occurred.

G.   To "identify" an entity other than an individual person is to state the name, telephone number and address of the entity.

H.   To "identify" an individual person is to give his or her name, present home address, if known or his or her last known business address and telephone number.

I.   "Insurance claim" or "claim" means the insurance claim made the subject of this suit.

J.   "Or" means and/or.

K.   "Personnel" means all individuals who have ever at any time, served as an officer, director, agent or employee of a particular employer.

L.   "Plaintiff" means The Denley Group, LLC and/or agents, representatives and/or persons purporting to act and/or acting on his behalf or under his control.

M.   "Policy" means the insurance policy sold by Safeco Insurance Company of Indiana relative to the property located at 317 NW 14th Street, Grand Prairie, Texas.

N.   "Property" means Plaintiff's real and personal property located at 317 NW 14th Street, Grand Prairie, Texas.

O.   "Seutter" means Defendant Lisa Seutter.

P.   The singular shall include the plural and the plural the singular, wherever the effect of doing so is to increase the information responsive to these documents.

PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSIONS TO DEFENDANT SAFECO INSURANCE COMPANY OF INDIANA - PAGE 3 OF 20.

- 14 -

Respectfully submitted,

*/s/ Robert N. Grisham II*
Robert N. Grisham II
State Bar Number: 00792550
LAW OFFICES OF ROBERT N. GRISHAM II, P.C.
8750 N. Central Expressway
Northpark Central, Ste. 1010
Dallas, Texas 75231
Telephone:  (214) 987-0098
Facsimile:  (214) 987-4098
Email: robert@grishamlaw.com

Scott M. Keller
State Bar Number: 11198350
LAW OFFICES OF SCOTT M. KELLER
3131 McKinney Avenue, Ste. 720
Dallas, Texas 75204
Telephone: (214) 741-2963
Facsimile: (214) 741-2959
Email: smkeller@sbcglobal.net

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this document was served upon Defendant, Safeco Insurance Company of Indiana by and through its registered agent for service, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701, along with Citation and Plaintiff's Original Petition.

*/s/ Robert N. Grisham II*
Robert N. Grisham II

PLAINTIFF'S  FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSIONS TO DEFENDANT SAFECO INSURANCE COMPANY OF INDIANA  - PAGE 4 OF 20.

- 15 -

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

**INTERROGATORY NO. 1:**  Identify each person who has answered or contributed to the answering of these Interrogatories, including their job title and duties with you.

**ANSWER:**


**INTERROGATORY NO. 2:**  Identify each witness you intend to call to testify at the trial of this matter.

**ANSWER:**


**INTERROGATORY NO. 3:**  State the date and manner in which you received notice of the insurance claim made the basis of this suit.

**ANSWER:**


**INTERROGATORY NO. 4:**  State the date you acknowledged receipt of the insurance claim made the basis of this suit and the method and content of the acknowledgment.

**ANSWER:**


**INTERROGATORY NO. 5:**  State the date of each request made by you to Plaintiff for all items, statements and forms you reasonably believed, at the time, would be required in order to complete your investigation of the insurance claim made the basis of this suit and the identity of the document setting out the request.

**ANSWER:**


**INTERROGATORY NO. 6:**  In the event you provided notice to Plaintiff that any additional time was needed to complete the investigation of the insurance claim made the basis of this suit, then please state the date and identity of any such notice.

**ANSWER:**


**PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSIONS TO DEFENDANT SAFECO INSURANCE COMPANY OF INDIANA - PAGE 5 OF 20.**

**INTERROGATORY NO. 7:**  State the date and identity of any document notifying Plaintiff of your acceptance or rejection of the insurance claim made the basis of this suit and the reasons for your acceptance or rejection.

**ANSWER:**

**INTERROGATORY NO. 8:**  Do you contend that the Plaintiff failed to comply with any Policy provision relative to the insurance claim made the basis of this suit?  If so, please identify each Policy provision.

**ANSWER:**

**INTERROGATORY NO. 9:**  Identify each person or entity who participated in the investigation, adjustment and handling of the insurance claim made the basis of this suit.

**ANSWER:**

**INTERROGATORY NO. 10:**  Identify each payment, if any, that you made in connection with the insurance claim made the subject of this suit including the reason for said payment.

**ANSWER:**

**INTERROGATORY NO. 11:**  State the date you anticipated litigation in this matter.

**ANSWER:**

**INTERROGATORY NO. 12:**  If you intend on attempting to impeach any individual or witness with evidence of a criminal conviction as described in Tex. R. Civ. Evid. 609, please identify the individual or witness, the charge and conviction, the year of conviction, the county of conviction and whether or not probation or parole has been successfully completed or pardon granted.

**ANSWER:**

**INTERROGATORY NO. 13:**  Do you contend that Plaintiff made any misrepresentations regarding the insurance claim made the basis of this suit?  If so, please identify each misrepresentation made by the Plaintiff.

**PLAINTIFF'S  FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSIONS TO DEFENDANT SAFECO INSURANCE COMPANY OF INDIANA  - PAGE 6 OF 20.**

**ANSWER:**

**INTERROGATORY NO. 14:** Do you contend that Howard Watkins made any misrepresentations regarding the insurance claim made by him with Safeco for damage to the Property caused by the Fire? If so, please identify each misrepresentation made by Mr. Watkins.

**ANSWER:**

**INTERROGATORY NO. 15:** State the basis for your acceptance or rejection of the insurance claim made by Howard Watkins with Safeco for damage to the Property caused by the Fire.

**ANSWER:**

**INTERROGATORY NO. 16:** State the basis for your acceptance or rejection of the insurance claim made the basis of this suit.

**ANSWER:**

**INTERROGATORY NO. 17:** Identify each document generated by you for use in the adjustment of the insurance claim made the basis of this suit.

**ANSWER:**

**INTERROGATORY NO. 18:** Please set forth all communications you had with Preston National Bank regarding this claim. Your answer must include the following:

    a.    The identity of all participants in any such communication(s);
    b.    The date(s) of all such communication(s);
    c.    The reason or purpose of such communication(s);
    d.    The substance of such communication(s); and
    e.    whether such communication(s) were written or oral.

**ANSWER:**

PLAINTIFF'S  FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSIONS TO DEFENDANT SAFECO INSURANCE COMPANY OF INDIANA  - PAGE 7 OF 20.

- 18 -

**INTERROGATORY NO. 19:**  For each inspection of the Property made the subject of this suit which were made by you or on your behalf, state the following:

      a.      The date(s) of inspection(s);

      b.      The purpose(s) of inspection(s);

      c.      The identity (name, address and phone number) of each individual attending the inspection; and

      d.      The identity of each document relative to the inspection.

In the alternative, if the above information is contained within an inspection report, production of the report is a sufficient answer to this Interrogatory.

**ANSWER:**


**INTERROGATORY NO. 20:**  With respect to the examination under oath of Nicholas Petroff, please identify the following:

      a.      The reason(s) such was requested; and,

      b.      The Policy provision that authorized you to take such Examination Under Oath.

**ANSWER:**

**PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSIONS TO DEFENDANT SAFECO INSURANCE COMPANY OF INDIANA - PAGE 8 OF 20.**

- 19 -

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT

**REQUEST FOR PRODUCTION NO. 1:** Each document referred to or relied upon by you when answering Interrogatories propounded by the Plaintiff.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:** Each insurance policy application signed or made in connection with the insurance Policy made the subject of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:** Each inspection report relating to inspections performed on the Property in connection with the issuance of insurance coverage on the Property.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:** Each document issued relative to all inspections performed on the Property in connection with the issuance of or renewal of insurance coverage on the Property.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:** The underwriting file relative to coverage issued on the Property.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:** Each note, report, document or application created and/or generated by your underwriting department related to insurance coverage on the Property, to the extent not included in the underwriting file.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:** Each complete policy of insurance, with declarations and endorsements, sold by you insuring the Property.

**PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSIONS TO DEFENDANT SAFECO INSURANCE COMPANY OF INDIANA - PAGE 9 OF 20.**

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:** Each document showing premiums paid by for the insurance Policy made the subject of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:** The complete unaltered claim file relative to the insurance claim made by Howard Watkins for damage to the Property made the subject of this suit caused by the Fire with all contents created prior to receipt of Plaintiff's pre-suit demand letter.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:** The complete unaltered claim file relative to the insurance claim made the basis of this suit with all contents created prior to receipt of Plaintiff's pre-suit demand letter.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:** Each document signed by Howard Watkins relative to either the Property or the insurance policy made the subject of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:** Each document signed by Plaintiff relative to the Property, the Policy or the insurance claim made the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:** Each investigation, report or study related to the insurance claim made by Howard Watkins with Safeco for damage to the Property caused by the Fire created prior to receipt of Plaintiff's pre-suit demand.

**RESPONSE:**

**PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSIONS TO DEFENDANT SAFECO INSURANCE COMPANY OF INDIANA - PAGE 10 OF 20.**

- 21 -

**REQUEST FOR PRODUCTION NO. 14:** Each investigation, report or study related to the insurance claim made the basis of this suit which were created prior to receipt of Plaintiff's pre-suit demand letter.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:** Each record documenting all telephone conversations with or regarding Howard Watkins relative to the policy or the Property made the subject of this suit created prior to receipt of Plaintiff's pre-suit demand letter.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:** Each record documenting all telephone conversations with or regarding Plaintiff relative to the policy or the Property made the subject of this suit which were created prior to receipt of Plaintiff's pre-suit demand letter.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:** Each claim note, claim log, claim dairy and/or activity log kept by you related to the insurance claim made by Howard Watkins relative to Fire damage to the Property made the subject of this suit created prior to receipt of Plaintiff's pre-suit demand letter.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:** Each claim note, claim log, claim dairy and/or activity log kept by you relative to the insurance claim made the subject of this suit which were created prior to receipt of Plaintiff's pre-suit demand letter.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19:** Each document mentioning, summarizing, containing, describing, or otherwise relating to any contact between you and Howard Watkins related to the insurance claim made by him for Fire damage to the Property made the subject of this suit created prior to receipt of Plaintiff's pre-suit demand letter.

**RESPONSE:**

PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSIONS TO DEFENDANT SAFECO INSURANCE COMPANY OF INDIANA - PAGE 11 OF 20.

- 22 -

**REQUEST FOR PRODUCTION NO. 20:** Each document mentioning, summarizing, containing, describing, or otherwise relating to any contact between you and Plaintiff related to the insurance claim made the basis of this suit which were created prior to receipt of Plaintiff's pre-suit demand letter.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21:** Each document, if any, which you contend contains false information or misrepresentations made by Howard Watkins relative to the claim made by him with Safeco for Fire damage to the Property made the subject of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22:** Each document, if any, which you contend contains false information or misrepresentations made by Plaintiff relative to the claim made with Safeco for Fire damage to the Property made the subject of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23:** Each note, document, or memoranda created by you relating to the insurance claim made the basis of this suit which were created prior to receipt of Plaintiff's pre-suit demand letter.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24:** Each document submitted by Howard Watkins relative to the claim made by him with Safeco for Fire damage to the Property made the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25:** Each document submitted by Plaintiff relative to the Property or the insurance claim made the basis of this suit.

**RESPONSE:**

PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSIONS TO DEFENDANT SAFECO INSURANCE COMPANY OF INDIANA - PAGE 12 OF 20.

- 23 -

**REQUEST FOR PRODUCTION NO. 26:** Each document you sent to Howard Watkins, if any, requesting assistance in resolving any problem, issue or delay in the adjustment of the insurance claim made by him with Safeco for Fire damage to the Property made the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 27:** Each document you sent to Plaintiff, if any, requesting assistance in resolving any problem, issue or delay in the adjustment of the insurance claim made the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28:** Each document, report, or memoranda received by you related to the insurance claim made the basis of this suit which were created prior to service of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 29:** Each document relative to all inspections of the Property made in connection with the claim made by Howard Watkins with Safeco for Fire damage to the Property created prior to your receipt of Plaintiff's pre-suit demand letter.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 30:** Each document relative to all inspections of Plaintiff's property made in connection with the insurance claim made the basis of this suit which were created prior to your receipt of Plaintiff's pre-suit demand letter.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 31:** Each videotape, photograph, or tape recording relative to the Property made the basis of this suit. This request includes request for all videotapes, color photographs and any other photographic or electronic image of the Property made the subject of this suit.

**RESPONSE:**

**PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSIONS TO DEFENDANT SAFECO INSURANCE COMPANY OF INDIANA  - PAGE 13 OF 20.**

**REQUEST FOR PRODUCTION NO. 32:** Each document setting forth any opinion of your counsel regarding the interpretation and application of any exclusion, limitation, or other policy provision relating to the claim made by Howard Watkins with Safeco for Fire damage to the Property made the basis of this suit, to the extent that you relied on any such document to determine whether Mr. Watkins' claim was payable or not.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 33:** Each document setting forth any opinion of your counsel regarding the interpretation and application of any exclusion, limitation, or other policy provision relating to the insurance claim made the basis of this suit, to the extent that you relied on any such document to determine whether Plaintiff's insurance claim was payable or not.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 34:** Each document relating to any initial, tentative or final determination as to whether or not the insurance claim made by Howard Watkins with Safeco for Fire damage to the Property made the basis of this suit was payable or not payable. This request is limited to documents created prior to receipt of Plaintiff's pre-suit demand.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 35:** Each document relating to any initial, tentative or final determination as to whether or not the insurance claim made the basis of this suit was payable or not payable which were created prior to service of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 36:** Each document showing that the damage claimed by Plaintiff is excluded by the insurance policy. This request is limited to documents which were created prior to receipt of Plaintiff's pre-suit demand.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 37:** Each electronic or written communication between you and your insurance adjusters relative to the insurance policy and/or the insurance claim made by Howard Watkins for Fire damage to the Property created prior to receipt of Plaintiff's pre-suit demand.

**PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSIONS TO DEFENDANT SAFECO INSURANCE COMPANY OF INDIANA - PAGE 14 OF 20.**

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 38:** Each electronic or written communication between you and/or your agents relative to the insurance policy and/or insurance claim made by Howard Watkins for Fire damage created prior to receipt Plaintiff's pre-suit demand.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 39:** Each electronic communication, message or e-mail between you and Preston National Bank relative to Howard Watkins or the claim made by Howard Watkins with Safeco for Fire damage to the Property created prior to receipt of Plaintiff's pre-suit demand.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 40:** Each electronic communication, message or e-mail between you and David Chumbley and/or his law firm relative to Howard Watkins or the claim made by Howard Watkins for damage to the Property caused by the Fire created prior to receipt of Plaintiff's pre-suit demand.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 41:** Each electronic communication, message or e-mail between you and persons with knowledge of relevant facts relative to Howard Watkins or the claim made by Howard Watkins for damage to the Property caused by Fire created prior to receipt of Plaintiff's pre-suit demand.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 42:** Each electronic or written communication between you and your insurance adjusters relative to the insurance policy, the insurance claim and/or the Property made the subject of this suit created prior to receipt of Plaintiff's pre-suit demand.

**RESPONSE:**

<u>PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSIONS TO DEFENDANT SAFECO INSURANCE COMPANY OF INDIANA - PAGE 15 OF 20.</u>

**REQUEST FOR PRODUCTION NO. 43:** Each electronic or written communication between you and/or your agents relative to the insurance policy, the insurance claim and/or the Property made the subject of this suit which were created prior to receipt of Plaintiff's pre-suit demand.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 44:** Each electronic communication, message or e-mail between you and Preston National Bank relative to the insurance policy, the insurance claim and/or the Property made the subject of this suit which were created prior to receipt of Plaintiff's pre-suit demand.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 45:** Each electronic communication, message or e-mail between you and David Chumbley and/or his law firm relative to the insurance policy, the insurance claim and/or the Property made the subject of this suit created prior to receipt of Plaintiff's pre-suit demand.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 46:** Each electronic communication, message or e-mail between you and persons with knowledge of relevant facts relative to the insurance policy, the insurance claim and/or the Property made the subject of this suit created prior to receipt of Plaintiff's pre-suit demand.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 47:** Each document reflecting replacement and/or actual cash value of the Property created prior to receipt of Plaintiff's pre-suit demand.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 48:** Each report or document from governmental agencies or offices regarding the Property made the subject of this suit.

**RESPONSE:**

PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSIONS TO DEFENDANT SAFECO INSURANCE COMPANY OF INDIANA - PAGE 16 OF 20.

- 27 -

**REQUEST FOR PRODUCTION NO. 49:** Each billing record received from David Chumbley and/or his law firm regarding work performed in connection with any claim made for damage to the Property caused by the Fire and created prior to receipt of Plaintiff's pre-suit demand.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 50:** All physical and/or tangible items and/or potentially usable evidence obtained by or on your behalf from the Property made the subject of this suit.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 51:** Each document obtained by you in this litigation by deposition upon written question.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 52:** Each document obtained by you in this litigation by subpoena.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 53:** Each document obtained by you in this litigation by open records request.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 54:** Each training manual, claims manual, policy guideline and/or procedural requirement used and relied upon by you or your agents when investigating, adjusting or settling of claims for Fire damage in Texas. This request is limited solely to those items in existence at the time of the processing Plaintiff's claim made the subject of this suit.

**RESPONSE:**


PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSIONS TO DEFENDANT SAFECO INSURANCE COMPANY OF INDIANA - PAGE 17 OF 20.

- 28 -

**REQUEST FOR PRODUCTION NO. 55:** Each document meant to instruct and guide claims adjusters under Texas law and/or company policy with regard to unfair claims settlement practices, unfair claims handling practices, standards to be met in adjusting or handling first party insurance claims, and/or avoiding allegations of bad faith. This request is limited to the documents in existence at the time of the investigation of Plaintiff's claim made the subject of this suit.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 56:** Each document meant to instruct and guide claims adjusters under Texas law and/or company policy with regard to understanding and complying with the Texas Insurance Code §541.060. This request is limited to the documents in existence at the time of the investigation of Plaintiff's claim made the subject of this suit.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 57:** Each document meant to instruct and guide claims adjusters under Texas law and/or company policy with regard to understanding and complying with the Texas Insurance Code §542.055 et seq. This request is limited to the documents in existence at the time of the investigation of Plaintiff's claim made the subject of this suit.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 58:** Each document reflecting company guidelines, procedures, or policies that serve as criteria for evaluating whether claims are covered or excluded by any policy provisions you contend applied to Plaintiff's claim made the subject of this suit.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 59:** Each indemnity agreement between you and any other person, firm, or corporation against which a claim of indemnification might be brought because of the facts in this suit.

**RESPONSE:**


**PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSIONS TO DEFENDANT SAFECO INSURANCE COMPANY OF INDIANA - PAGE 18 OF 20.**

- 29 -

## PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS TO DEFENDANT

**REQUEST FOR ADMISSION NO. 1:**  That Defendant is licensed to transact business in the State of Texas.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 2:**  That Defendant issued a policy on the Policy designating Plaintiff as a mortgagee servicing agency.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 3:**  That the policy insured the property located at 317 NW 14th Street, Grand Prairie, Texas.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 4:**  That the Property suffered a total loss by the Fire occurring on or about August 17, 2013.

**RESPONSE:**

**REQUEST FOR ADMISSION NO 5:**  That You investigated the insurance claim made the subject of this suit.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 6:**  That You denied the insurance claim made the subject of this suit.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 7:**  That You contacted Preston National Bank without Plaintiff's written permission.

**RESPONSE:**

PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION AND REQUESTS FOR
ADMISSIONS TO DEFENDANT SAFECO INSURANCE COMPANY OF INDIANA  - PAGE 19 OF 20.

**REQUEST FOR ADMISSION NO. 8:** That You contacted Preston National Bank without Plaintiff's permission.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 9:** That You paid Preston National Bank policy benefits without Plaintiff's permission.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 10:** That Preston National Bank had an insurable interest in the property on the date of loss.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 11:** That Plaintiff had an insurable interest in the property on the date of loss.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 12:** That all Your actions with respect to this claim were intentional.

**RESPONSE:**


**PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSIONS TO DEFENDANT SAFECO INSURANCE COMPANY OF INDIANA - PAGE 20 OF 20.**

FILED
DALLAS COUNTY
4/6/2015 1:17:11 PM
FELICIA PITRE
DISTRICT CLERK

## CAUSE NO.  DC-15-02388

| | | |
|---|---|---|
| THE DENLEY GROUP, LLC | § | IN THE DISTRICT COURT |
|     Plaintiff, | § | |
| | § | |
| v. | § | 162ⁿᵈ JUDICIAL DISTRICT |
| | § | |
| SAFECO INSURANCE COMPANY OF | § | |
| INDIANA AND LISA SEUTTER | § | |
|     Defendants. | § | DALLAS COUNTY, TEXAS |

### NOTICE OF CHANGE OF ADDRESS

Please take notice that, effective immediately, the Law Offices of Robert N. Grisham II, P.C. has changed its address as follows:

Law Offices of Robert N. Grisham II, P.C.
5910 N. Central Expressway
Premier Place - Suite 760
Dallas, Texas 75206

The firm's telephone number, facsimile and email addresses will remain the same.

Respectfully submitted,

/s/ Robert N. Grisham II
Robert N. Grisham II
State Bar No. 00792550
LAW OFFICES OF ROBERT N. GRISHAM II, P.C.
5910 N. Central Expressway
Premier Place - Suite 760
Dallas, Texas 75206
Telephone:  (214) 987-0098
Facsimile:   (214) 987-4098

**ATTORNEY FOR PLAINTIFF**

NOTICE OF CHANGE OF ADDRESS - PAGE 1 OF 2.

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this document was served upon all counsel of record, via efiling, on this the 6th day of April 2015.

/s/ Robert N. Grisham II
Robert N. Grisham II

**NOTICE OF CHANGE OF ADDRESS - PAGE 2 OF 2.**

FILED
DALLAS COUNTY
3/13/2015 9:12:17 AM
FELICIA PITRE
DISTRICT CLERK

CAUSE NO. DC-15-02388

| | | |
|---|---|---|
| **THE DENLEY GROUP, LLC,** | § | **IN THE DISTRICT COURT OF** |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| **SAFECO INSURANCE** | § | |
| **COMPANY OF INDIANA and** | § | |
| **LISA SEUTTER,** | § | |
| **Defendants** | § | **162ND JUDICIAL DISTRICT** |

## ORIGINAL ANSWER OF DEFENDANT
## SAFECO INSURANCE COMPANY OF INDIANA

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant Safeco Insurance Company of Indiana ("Safeco") and files this Original Answer to Plaintiff's Original Petition With Discovery and for such would respectfully show the Court the following:

## I.
## GENERAL DENIAL

Pursuant to TEX. R. CIV. P. 92, Safeco denies each and every, all and singular, the allegations set forth in Plaintiff's Original Petition and demands strict proof thereof by a preponderance of the evidence at the final trial of this case.

## II.
## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE:
### No Insurable Interest/Invalid Claim

Plaintiff The Denley Group, LLC has no insurable interest and asserts an invalid claim under the Mortgage Clause of Policy OY7124018, which provides:

14.     **Mortgage Clause.**

The word "mortgagee" includes trustee.  If a mortgagee is named in this policy, any loss payable under Coverage A or B shall be paid to the mortgagee and you, as interests appear.  If more than one mortgagee is named, the order of payment shall be the same as the order of precedence of the mortgages.

If we deny your claim, that denial shall not apply to a valid claim of the mortgagee, if the mortgagee:

a.   notifies us of any change in ownership, occupancy or substantial change in risk of which the mortgagee is aware;

b.   pays any premium due under this policy on demand if you have neglected to pay the premium;

c.   submits a signed, sworn statement of loss within 91 days after receiving notice from us of your failure to do so.

d.   Complies with item 4.a.(4) of Section I – Property Conditions.

Policy conditions relating to Appraisal, Suit Against Us and Loss Payment apply to the mortgagee.  If the policy is cancelled or not renewed by us, the mortgagee shall be notified at least 20 days before the date cancellation or non-renewal takes effect.

If we pay the mortgagee for any loss or deny payment to you:

e.   we are subrogated to all the rights of the mortgagee granted under the mortgage on the property; or

f.   at our option, we shall receive full or partial assignment and transfer of the mortgage and all securities held as collateral to the mortgage debt as our payment, including any accrued interest, as it bears to the amount of the principal on the mortgage.

Subrogation shall not impair the right of the mortgagee to recover the full amount of the mortgagee's claim.

### SECOND AFFIRMATIVE DEFENSE:
### Lack of Notice

Plaintiff The Denley Group, LLC failed to provide the required notice of its ownership interest under Policy Condition Section I – Property Conditions of Policy No. OY7124018, which provides:

**14.     Mortgage Clause.**
\* \* \*

If we deny your claim, that denial shall not apply to a valid claim of the mortgagee, if the mortgagee:

g. notifies us of any change in ownership, occupancy or substantial change in risk of which the mortgagee is aware;

\* \* \*

### THIRD AFFIRMATIVE DEFENSE:
### Unclean Hands/Bad Faith

The claim of Plaintiff The Denley Group, LLC is barred in light of its own unclean hands and bad faith in asserting an alleged mortgagee interest under Policy No OY7124018.

WHEREFORE, PREMISES CONSIDERED, Defendant Safeco Insurance Company of Indiana respectfully prays that upon final hearing hereof, Plaintiff The Denley Group, LLC take nothing by reason of this action, that Safeco be awarded its costs of court, and for such other and further relief to which it may show itself justly entitled.

Respectfully submitted,

HANNA & PLAUT, L.L.P.
211 East Seventh Street, Suite 6000
Austin, Texas 78701
Telephone: (512) 472-7700
Facsimile: (512) 472-0205

By: _____

David L. Plaut
State Bar No. 16066030
Email: dplaut@hannaplaut.com
J. Todd Key
State Bar No. 24027104
Email: tkey@hannaplaut.com

**ATTORNEYS FOR DEFENDANT SAFECO INSURANCE COMPANY OF INDIANA**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been delivered by e-service and/or facsimile on this 13th day of April, 2015 to:

Robert@grishamlaw.com
Robert N. Grisham, II
Law Offices of Robert N. Grisham II, PC
8750 N. Central Expressway
Northpark Central, Ste. 1010
Dallas, Texas 75231

and

smkeller@sbcglobal.net
Scott M. Keller
Law Offices of Scott M. Keller
3131 McKinney Ave., Suite 720
Dallas, Texas 75204
*Attorneys for Plaintiff*

_____
David L. Plaut

Print this page

# Case # DC-15-02388 - THE DENLEY GROUP, LLC vs. SAFECO INSURANCE COMPANY OF INDIANA, et al (BROWN, PHYLLIS LISTER)

## Case Information

| | |
|---|---|
| Location | Dallas County - 162nd District Court |
| Date Filed | 04/13/2015 09:12:17 AM |
| Case Number | DC-15-02388 |
| Case Description | THE DENLEY GROUP, LLC vs. SAFECO INSURANCE COMPANY OF INDIANA, et al |
| Assigned to Judge | BROWN, PHYLLIS LISTER |
| Attorney | David Plaut |
| Firm Name | Hanna & Plaut LLP |
| Filed By | Laura Ihlefeld |
| Filer Type | Not Applicable |

## Fees

| | |
|---|---|
| Convenience Fee | $0.00 |
| Total Court Case Fees | $0.00 |
| Total Court Filing Fees | $0.00 |
| Total Court Service Fees | $0.00 |
| Total Filing & Service Fees | $0.00 |
| Total Service Tax Fees | $0.00 |
| Total Provider Service Fees | $0.00 |
| Total Provider Tax Fees | $0.00 |
| Grand Total | $0.00 |

## Payment

| | |
|---|---|
| Account Name | Catherine Hanna AmEx |
| Transaction Amount | $0.00 |
| Transaction Response | |
| Transaction ID | |
| Order # | |

---

## Original Answer - General Denial

| | |
|---|---|
| Filing Type | EFileAndServe |
| Filing Code | Original Answer - General Denial |
| Filing Description | Original Answer of Safeco |
| Reference Number | LMS/Denley |
| Comments | |
| Status | Accepted |

| | |
|---|---|
| Accepted Date | 2015-04-13 14:18:32 UTC |

**Fees**

| | |
|---|---|
| Court Fee | $0.00 |
| Service Fee | $0.00 |

**Documents**

| | | | |
|---|---|---|---|
| *Lead Document* | answer.pdf | [Original] | [Transmitted] |

**eService Details**

| Name/Email | Firm | Service Type | Status | Served | Date/Time Opened |
|---|---|---|---|---|---|
| Marla E Rowland<br>marla@grishamlaw.com | Law Office of Robert N. Grisham II | EServe | Sent | Yes | Not Opened |
| Stella Betancourt<br>stella@grishamlaw.com | Law Office of Robert N. Grisham II | EServe | Sent | Yes | 04/13/2015 09:23:12 AM |
| ROBERT N GRISHAM<br>ROBERT@GRISHAMLAW.COM | | EServe | Sent | Yes | 04/13/2015 09:24:32 AM |
| J. Todd Key<br>tkey@hannaplaut.com | | EServe | Sent | Yes | Not Opened |
| Scott M. Keller<br>smkeller@sbcglobal.net | | EServe | Error | No | Not Opened |



## In The District Court
## of Dallas County, Texas
## 162nd District Court

April 17, 2015

LISA SEUTTER
1120 HUNTERS CREEK DRIVE
CARROLLTON TX  75007

IN RE:  DC-15-02388
        THE DENLEY GROUP, LLC  vs.  SAFECO INSURANCE COMPANY OF INDIANA, et al

### THE COURT REQUIRES A COURTESY COPY OF ALL PLEADINGS SCHEDULED FOR HEARING ONE WEEK BEFORE THE HEARING

PLEASE NOTE THE FOLLOWING:

ORDER SIGNED.

Melinda Thomas, Court Coordinator
162nd Judicial District Court
George L. Allen, Sr. Courts Bldg. - 7th Floor
600 Commerce Street, Room 730B
Dallas, TX  75202
214-653-7348 (office)
214-653-7195 (fax)
mthomas@dallascourts.org
Review your case information at: http://courts.dallascounty.org
Revised Dallas Local Rules can be found at: www.dallascourts.com-rules-locrulnw.htm.url

## UPDATE YOUR CONTACT INFORMATION AT: www.dallascourts.com

All counsel of record and pro se litigants must be copied
on all e-mail and fax communications to the Court
### "MEDIATION MUST OCCUR PRIOR TO YOUR TRIAL SETTING"



## In The District Court
## of Dallas County, Texas
## 162nd District Court

April 17, 2015

DAVID L PLAUT
106 EAST 6TH STREET SUITE 600
AUSTIN        TX  78701

IN RE:  DC-15-02388
          THE DENLEY GROUP, LLC  vs.  SAFECO INSURANCE COMPANY OF INDIANA,
et al

**THE COURT REQUIRES A COURTESY COPY OF ALL PLEADINGS SCHEDULED
FOR HEARING ONE WEEK BEFORE THE HEARING**

PLEASE NOTE THE FOLLOWING:

ORDER SIGNED.

Melinda Thomas, Court Coordinator
162nd Judicial District Court
George L. Allen, Sr. Courts Bldg. - 7th Floor
600 Commerce Street, Room 730B
Dallas, TX  75202
214-653-7348 (office)
214-653-7195 (fax)
mthomas@dallascourts.org
Review your case information at:  http://courts.dallascounty.org
Revised Dallas Local Rules can be found at: www.dallascourts.com-rules-locrulnw.htm.url

## UPDATE YOUR CONTACT INFORMATION AT: www.dallascourts.com

All counsel of record and pro se litigants must be copied
on all e-mail and fax communications to the Court
**"MEDIATION MUST OCCUR PRIOR TO YOUR TRIAL SETTING"**

# EXHIBIT "B"

Case 3:15-cv-01183-B Document 1 Filed 04/17/15    Page 52 of 56    PageID 52

Skip to Main  Case 3:15-cv-01183-B Document 1 Filed 04/17/15    Location : All District Civil Courts    Images Help
Search  Back

# REGISTER OF ACTIONS
## CASE NO. DC-15-02388

| | | |
|---|---|---|
| THE DENLEY GROUP, LLC vs. SAFECO INSURANCE COMPANY OF INDIANA, et al | § § § § § | Case Type: **CNTR CNSMR COM DEBT**<br>Date Filed: **03/02/2015**<br>Location: **162nd District Court** |

---

### PARTY INFORMATION

|  |  | Lead Attorneys |
|---|---|---|
| **DEFENDANT** | SAFECO INSURANCE COMPANY OF INDIANA | **DAVID L PLAUT**<br>*Retained*<br>512-472-7700(W) |
| **DEFENDANT** | SEUTTER, LISA | |
| **PLAINTIFF** | THE DENLEY GROUP, LLC | **ROBERT N GRISHAM**<br>*Retained*<br>214-987-0098(W) |

---

### EVENTS & ORDERS OF THE COURT

|  |  |
|---|---|
| | **OTHER EVENTS AND HEARINGS** |
| 03/02/2015 | **NEW CASE FILED (OCA) - CIVIL** |
| 03/02/2015 | **ORIGINAL PETITION**<br>*PLAINTIFF'S ORIGINAL PETITION WITH DISCOVERY* |
| 03/04/2015 | **ISSUE CITATION** |
| 03/04/2015 | **CITATION** |
| | SAFECO INSURANCE COMPANY OF INDIANA    Unserved |
| | SEUTTER, LISA                          Unserved |
| 03/04/2015 | **CITATION ISSUED**<br>*CITATION* |
| 03/04/2015 | **CITATION ISSUED**<br>*CITATION* |
| 04/06/2015 | **NOTICE OF CHANGE OF ADDRESS**<br>*Plaintiff s Notice of Change of Address* |
| 04/06/2015 | **NOTE - CLERKS**<br>*CHANGE ADDRESS QUE* |
| 04/13/2015 | **ORIGINAL ANSWER - GENERAL DENIAL** |
| 06/20/2016 | **Non Jury Trial** (9:00 AM) (Judicial Officer BROWN, PHYLLIS LISTER) |

---

### FINANCIAL INFORMATION

|  |  |  |  |
|---|---|---|---|
| | **PLAINTIFF** THE DENLEY GROUP, LLC | | |
| | Total Financial Assessment | | 323.00 |
| | Total Payments and Credits | | 323.00 |
| | **Balance Due as of 04/17/2015** | | **0.00** |
| 03/04/2015 | Transaction Assessment | | 323.00 |
| 03/04/2015 | CREDIT CARD - TEXFILE (DC)  Receipt # 12543-2015-DCLK | THE DENLEY GROUP, LLC | (323.00) |

# EXHIBIT "C"

# LIST OF ALL COUNSEL OF RECORD

**Counsel for Plaintiff The Denley Group, LLC**
Law Offices of Robert N. Grisham II, PC
Robert N. Grisham, II
Robert@grishamlaw.com
8750 N. Central Expressway
Northpark Central, Ste. 1010
Dallas, Texas 75231
Telephone: 214.987.0098
Facsimile:  214.987.4098

and

Law Offices of Scott M. Keller
Scott M. Keller
smkeller@sbcglobal.net
3131 McKinney Ave., Suite 720
Dallas, Texas 75204
Telephone: 214.741.2963
Facsimile:  214.741.2959

**Counsel for Defendant Safeco Insurance Company of Indiana**
Hanna & Plaut, LLP
~~Catherine L. Hanna~~
channa@hannaplaut.com  *David*
J. Todd Key
tkey@hannaplaut.com
211 East Seventh Street, Suite 600
Austin, Texas  78701
Telephone: 512.472.7700
Facsimile:  512.472.0205

# EXHIBIT "D"

## INDEX OF ALL DOCUMENTS FILED WITH THE COURT

1.    Notice of Removal of Action Under 28 U.S.C. §§ 1332 and 1441(a) (Diversity)

2.    True and correct copies of all pleadings, process and orders served in this action

3.    State Court Docket Sheet

4.    List of all Counsel of Record